509 P.2d 1277 (1973)
Stephen J. REDMOND, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Respondent.
No. 72-303.
Colorado Court of Appeals, Div. I.
March 20, 1973.
Rehearing Denied April 10, 1973.
Certiorari Granted June 4, 1973.
*1278 Stephen J. Redmond, pro se.
Duke W. Dunbar, Atty. Gen., John P. Moore, Robert L. Harris, Asst. Attys. Gen., for respondent.
Selected for Official Publication.
SMITH, Judge.
On February 28, 1972, Stephen J. Redmond filed a claim for unemployment compensation. He indicated that his last employer was Casyndekan, Inc. He had been laid off work as a part-time computer programmer and literary researcher because the company was experiencing financial difficulties and was forced thereby to reduce its labor force. Mr. Redmond also indicated on the claim that he was and had been attending school and that he would accept work between the hours of 4 and 12 p. m. On February 28, 1972, Mr. Redmond also completed a student questionnaire. That form reveals that Mr. Redmond entered college and also began part-time work with Casyndekan, Inc., in August 1970. He worked ten to twenty hours per week between the hours of 2 and 5 p. m. from August 1970 through February 1972.
At the time of filing, a deputy disallowed Mr. Redmond's claim for the reason that the claimant was attending school during normal working hours and was therefore not available for full-time qualifying employment. Claimant requested a hearing.
On May 16, 1972, a hearing was held before a referee who found that claimant attended school during daytime hours while working for Casyndekan, Inc., and was laid off on February 23, 1972. From this, the referee concluded that under C.R.S. 1963, 82-4-7(4), the claim should be disallowed, because claimant by taking full-time university courses was unavailable for full-time work. Claimant appealed to the Industrial Commission which affirmed the referee. He now appeals to this court.
Although there is a great deal of discussion concerning the status of a full-time college student in the briefs, as claimant correctly asserts, the issue presented by these facts concerns not the student status of the claimant, but rather his claim for benefits resulting from a loss of part-time employment. In this regard it should be noted that Industrial Commission v. Bennett, 166 Colo. 101, 441 P.2d 648, does not stand for the blanket proposition that a full-time university student cannot be granted unemployment compensation. That case, involving a claim for benefits from loss of a full-time job, held that a claimant's subsequent full-time university enrollment prevented that claimant from being available for full-time employment during the customary hours of her previous employment and that therefore she was ineligible for benefits.
*1279 In the present case, claimant argues that he is a part-time worker under C.R.S.1963, 82-4-5(1):
". . . As used in this section the term `part-time worker' means an individual whose normal work is in an occupation in which his services are not required for the customary scheduled full-time hours prevailing in the establishment in which he is employed or who, owing to personal circumstances, does not customarily work the customary scheduled full-time hours prevailing in the establishment in which he is employed."
The commission urges that claimant does not qualify as a part-time worker in that his occupation is one where his services could be required for the customary scheduled full-time employment. The "or" in the statute is not inclusive, but is in the alternative. The statute defines two types of part-time workers. As respondent concedes, claimant clearly qualifies under the second definition.
Claimant, owing to personal circumstances, did not work the customary full-time hours prevailing where he was employed. His claim, properly filed under C.R.S.1963, 82-5-1, clearly indicated his part-time status. Claimant actively sought and was willing to accept part-time work during those hours that his personal circumstances would allow him to work as he had done during the employment from which he had been terminated. The provisions of 1965 Perm.Supp., C.R.S.1963, 82-4-7(4), that a claimant must be "able to work and [must be] available for all work deemed suitable pursuant to the provisions of section 82-4-8," should not prevent the intent of the legislature from being carried out. That intent, as evidenced by C. R.S.1963, 82-4-5(2), is to the effect that part-time workers should be afforded benefits notwithstanding inconsistent provisions elsewhere in the Act.
The commission has not promulgated rules applicable to part-time workers, as required by C.R.S.1963, 82-4-5(2):
"The commission shall prescribe fair and reasonable general rules applicable to part-time workers for determining their full-time weekly wage and the total wages for employment by employers required to qualify such workers for benefits. Such rules, with respect to such part-time workers, shall supersede any inconsistent provisions of this chapter, but, so far as practicable, shall secure results reasonably similar to those provided in the analogous provisions of this chapter."
The present claimant is entitled to receive benefits for the loss of his part-time employment through no fault of his own. Therefore, the commission is directed forthwith to comply with the mandate of C.R.S.1963, 82-4-5(2), and prescribe fair and reasonable rules which will afford part-time workers benefits due them. Thereafter, the commission is directed to rehear this matter and determine, under its rules, the proper amount due claimant.
Order set aside and cause remanded with directions.
COYTE and DWYER, JJ., concur.