515 P.2d 491 (1973)
Beverly J. WADE, Petitioner,
v.
John HURLEY, Director of Colorado Division of Employment et al., Respondents.
No. 73-108.
Colorado Court of Appeals, Div. I.
September 5, 1973.
Rehearing Denied September 25, 1973.
William E. Benjamin, Alamosa, for petitioner.
John E. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondents.
Selected for Official Publication.
PIERCE, Judge.
Claimant was employed as a cook by Ma's Hash House. Upon being separated from her employment, she filed a claim for unemployment compensation benefits with the Industrial Commission. After a hearing, a referee concluded, among other findings, that claimant's unemployment was a result of her quitting because of dissatisfaction with the prevailing standard hours of work common to other workers performing the same or similar work, and thus, under 1965 Perm.Supp., C.R.S.1963, 82-4-8(6)(b)(i), she was entitled to no award of benefits. Upon review, the Industrial Commission adopted the referee's findings of fact and conclusions and entered an order affirming her decision. Claimant appeals, and we reverse.
*492 Her principal contention is that she terminated her employment because the employer violated its employment contract with her and that, therefore, she is entitled to a full award of benefits under the provisions of 1965 Perm.Supp., C.R.S. 1963, 82-4-8(4h)(i). She then concludes that the Commission erred in applying 1965 Perm.Supp., C.R.S.1963, 82-4-8(6)(b)(i) to the facts of this case when the proper section of the statute to be applied is 1965 Perm.Supp., C.R.S.1963, 82-4-8(4h)(i), or at very least, 1971 Perm.Supp., C.R.S.1963, 82-4-8(5)(d), which section provides for a 50% award when the responsibility for the separation is shared by the employer and the employee.
Although the testimony was in some conflict regarding the contractual arrangements between the parties, the referee specifically found "[claimant] entered into a verbal agreement with Mr. Barker that she would work as a roll-and-pie cook from 5:30 a. m. until noon on a five-day-per-week basis, but that she would not work Saturdays." The resolution of this factual issue was within the province of the Commission and where there is substantial evidence to support his finding, we will not disturb it on review. Morrison Road Bar, Inc. v. Industrial Commission, 138 Colo. 16, 428 P.2d 1076.
The Commission's findings also indicate that, because the employer had difficulty finding sufficient help, the claimant was soon working almost every Saturday. There are no findings, however, to the effect that the original contract was ever modified by the parties or that claimant had agreed to waive the original provisions of the contract as to working hours.
The facts are not in dispute that, just prior to claimant's separation from her employment, her husband had appeared at the employer's place of business and informed the employer that claimant would not continue to work a six-day week. The employer contacted claimant and requested that she return to work on a six-day-a-week basis, but claimant refused and terminated her employment.
With this factual background, the Commission found:
"[t]he issue in the case is not whether or not the claimant and employer had an agreement that her employment would not exceed five days per week. It is well established that it is an employer's prerogative to set business hours and working schedules, and it is also well known that restaurant employees customarily work on Saturdays. When the employer discovered he needed a cook on a six-day-per-week basis and told the claimant he could no longer continue her on the five-day basis, she had every right to resign if she found this condition unacceptable. It does not follow that she is entitled to an award of benefits for this separation."
These conclusions are erroneous.
While it is true an employer has the prerogative of setting business hours and working schedules in the absence of a specific agreement between employer and employee to the contrary, a contract limiting the working hours to fewer than those which generally prevail for others doing the same or similar work cannot be ignored. See Redman v. Industrial Commission, Colo.App., 509 P.2d 1277. The "custom" of the trade is no longer relevant since the parties have departed from it of their own accord.
Where, as found here, there is a contract between the parties specifying a five-day work week and where, thereafter, the employer causes the employee to resign by unilaterally changing the number of days in the work week, the employee is entitled to a full award of benefits under the provisions of 1965 Perm.Supp., C.R.S.1963, 82-4-8(4h)(i).
Order is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
SILVERSTEIN, C. J., and ENOCH, J., concur.