Tenner R. JONES, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, Appellee.

No. 2-979A268.

Court of Appeals of Indiana, Third District.

Feb. 4, 1980.

Rehearing Denied April 2, 1980.

Joel A. Lauer, South Bend, for appellant.

Theo. L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

GARRARD, Presiding Judge.

Appellant Tenner R. Jones appeals from a decision of the Review Board of the Indiana Employment Security Division (Board) which denied her unemployment compensation on the basis that she voluntarily left her employment without good cause in connection with her work.

Jones worked for Marian Hill as a cook from December 12, 1977 through March 24, 1978. When she was offered the position she informed her supervisor that she could only work the hours of 9:00 a. m. to 3:00 p. m. because she had family responsibilities. In March 1978, Jones was told that her hours would be changed to 9:00 a. m. to 6:00 p. m. When Jones protested the change she was told that if she did not work the new hours, someone would be hired that would. *Jones then agreed to accept the change of hours.* The next day, however, Jones informed her supervisor that she could not work the hours because she had four children at home to care for. Jones agreed to continue working until a replacement was found.

Jones contends on appeal that the Board's decision was contrary to law since the reason for termination, a change in her working conditions contrary to an existing employment contract, constituted good cause.

■ Generally, an employer has the prerogative of setting business hours, working schedules and working conditions in the absence of a specific agreement. However, an employee has the right to place conditions or limitations on his employment. If

such conditions are made known to the employer and are agreed to by it, these conditions become contractual working conditions. If the working conditions are unilaterally changed by the employer and the employee chooses to terminate the employment rather than accept the change, the employee will be entitled to unemployment benefits since the reason for termination was a change in work agreed to be performed by the employee. Such reason constitutes good cause. *Wade v. Hurley* (1973), 33 Colo.App. 30, 515 P.2d 491; *Gray v. Dobbs House, Inc.* (1976), Ind.App., 357 N.E.2d 900 (concurring opinion). Likewise, if the employee is discharged for refusal to accept a unilateral change in the agreed upon working conditions, the employee would be entitled to benefits as the discharge would not be for just cause as it is defined in IC 22–4–15–1.[1] However, if the employee chooses to remain in the employment under the changed conditions, the prior agreed upon condition will be deemed to have been abandoned and will no longer be considered part of the working conditions.

■ In the case at hand, the record supports a Board determination that Jones agreed to the change in the theretofore agreed upon working conditions. Therefore, she was not entitled to good cause status for terminating her employment because of the change. Additionally we note that leaving employment because of family responsibilities constitutes leaving without good cause. *Gray v. Dobbs House, Inc.* (1976), Ind.App., 357 N.E.2d 900.

■ Jones also contends that the Board's decision is contrary to law because the evidence before the Board shows conclusively that the termination was not voluntary.

1. IC 22–4–15–1 provides in pertinent part,

" 'Discharge for just cause' as used in this section is defined to include but not be limited to separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness; damaging the employer's property through wilful negligence; re-

fusing to obey instructions; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours; conduct endangering safety of self or coworkers; incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed employer by an employee."

Jones characterizes the employer's statements that she would be replaced if she did not work the hours as coercive threats rendering her termination involuntary. We do not agree. While it is apparent that Jones would have been discharged had she failed to work the additional three hours, she was not thereby forced into tendering her resignation. She was able to choose, of her own free will, to remain employed by working the additional three hours as she had agreed to do. Furthermore, the record reveals that the spectre of discharge was not the cause of her termination. Jones' motivation to leave her employment was induced by her parental responsibilities and her husband's demands that she not work the hours.

The decision of the Board denying benefits is affirmed.

STATON and HOFFMAN, JJ., concur.