Sandra R. POORT, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting Review Board of the Indiana Employment Security Division, and Chore-Time Equipment, Appellees.

No. 2–1080A350.

Court of Appeals of Indiana, First District.

April 7, 1981.

Olga H. Stickel, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

NEAL, Presiding Judge.

Claimant-appellant Sandra R. Poort (Poort) appeals from the decision of the Review Board of the Indiana Employment Security Division (Division) which denied her unemployment compensation claim for the reason that her discharge from Chore-Time Equipment Company (Employer) was for just cause.

We affirm.

## STATEMENT OF THE FACTS

Briefly, the evidence most favorable to the decision of the Review Board shows that on April 18, 1980, Poort, a punch press operator, was requested to wash down a press by a supervisor; she refused. Later in the same day, after she had satisfactorily completed other tasks, Poort was assigned to another job and again refused to perform work requested of her. Following a 15 minute quarrel with her supervisor wherein she was ordered to do the job or "punch out," Poort acquiesced. Prior to this date she had received a warning for her disruptive conduct. After being notified of the present problem, the plant superintendent and other supervisors tried to resolve Poort's problem; they failed after conferring with her most of the afternoon. Poort was discharged.

Poort initiated this proceeding by filing a claim for unemployment compensation. On May 9, 1980, a deputy of the Division made a determination that she was ineligible for benefits because her discharge was for just cause: refusal to perform a reasonable job assignment in willful disrespect of her employer's best interests. On review by a referee, the deputy's decision was affirmed. Upon that affirmance by the Review Board, the Board entered the following order:

"The Review Board finds that claimant was employed from May 16, 1978, to April 18, 1980, and was discharged for refusing to wash down a press.

It further finds that claimant, by her own testimony, indicated that she did refuse to wash down the press when requested by a supervisor, in that she requested to be assigned a job other than washing the machine, rather than obeying the instruction given her.

The Review Board concludes that claimant's refusing to obey the instructions of a supervisor was a deliberate action which adversely affected the employer's legitimate business and breached the duty reasonably owed the employer by the employee.

It further concludes that claimant was discharged for just cause in connection with work within the meaning of Chapter 15–1 of the Act.

DECISION: The decision of Referee Tuesley in Case No. 80–A–7260, mailed June 30, 1980 is hereby affirmed this 15th day of September, 1980."

## ISSUES

Poort specifies in her assignment of errors that the decision of the Review Board of the Indiana Employment Security Division was contrary to law. We specify her arguments [1] as follows:

   I.  Whether the findings of fact were supported by substantial evidence;

  II.  Whether Poort had a contractual option not to perform a job outside the scope of her classification as a punch press operator;

 III.  Whether Poort was merely protesting work assignments rather than refusing to work;

 IV.  Whether Employer waived its right to discharge Poort for cause after permitting her to work the remainder of the day.

1. Poort's brief assigned errors which we are compelled to restate because appellant's argu-

## DISCUSSION AND DECISION

*Issue I. Sufficiency of the evidence*

■ Ind.Code 22–4–15–1 (Supp.1979) provides that a disqualification for benefits exists if the employee is discharged from his employment for just cause. The above section at 22–4–15–1(4) further establishes that a discharge for just cause includes "refusing to obey instructions." Our standard of review of unemployment compensation cases was set forth in *Erwin v. Review Board of the Indiana Employment Security Division, et al.,* (1977) 173 Ind.App. 592, 364 N.E.2d 1189:

"Initially we point out that generally the Review Board's decision as to all questions of fact is conclusive and binding on this court. ... In reviewing the evidence to support the Review Board's determination we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board's decision.... On appeal, we may only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record." (Citations omitted.)

173 Ind.App. at 597–8, 364 N.E.2d 1189. Refusal of an employee to dig a ditch when ordered is sufficient as a matter of law for the Board to deduce that the employee was discharged for just cause. *Graham v. Review Board of the Indiana Employment Security Division, et al.,* (1979) Ind.App., 386 N.E.2d 699. In *Graham,* the court said:

"When the authority of those in whom the employer has confided responsibility for day-to-day operations is flouted by an employee's willful disregard of reasonable directives, just cause for discharge of that employee exists."

386 N.E.2d at 702.

■ Therefore, in accordance with our standard of review, and the evidence most favorable to the judgment recited in the statement of the facts, we are of the opinion that sufficient evidence exists to support the decision of the Review Board.

ments range over divergent, and unassigned issues.

## Issue II. Order was for work outside scope of job classification

■ In support of this argument, Poort shows the plant superintendent testified that business was slow and all the employees were required to do a number of different jobs which included washing down machines. He also testified that if an employee did not feel it was within his job classification, he could "punch out" and go home. Based on this testimony Poort argues that she had a contractual option not to perform job outside the scope of her job classification as a punch press operator. There was no evidence in the record that fixed the exact duties of a punch press operator. Furthermore, Poort, in her testimony, did not contend that this alleged option was the reason she refused the supervisor's order in the morning, and refused another order in the afternoon. She simply refused, quarreled with her supervisor, and assigned as her refusal reason an unfair distribution of work. Nevertheless, she did not "punch out" and go home.

Relative to the effect of employment contracts upon discharge for cause under unemployment compensation case law, is the case of *Jones v. Review Board of the Indiana Employment Security Division*, (1980) Ind.App., 399 N.E.2d 844. Therein, the court said:

> "Generally, an employer has the prerogative of setting business hours, working schedules and working conditions in the absence of a specific agreement. However, an employee has the right to place conditions or limitations on his employment. If such conditions are made known to the employer and are agreed to by it, these conditions become contractual working conditions. If the working conditions are unilaterally changed by the employer and the employee chooses to terminate the employment rather than accept the change, the employee will be entitled to unemployment benefits since the reason for termination was a change in work agreed to be performed by the employee. Such reason constitutes good cause. *Wade v. Hurley* (1973), 33 Colo. App. 30, 515 P.2d 491; *Gray v. Dobbs House, Inc.* (1976), Ind.App., 357 N.E.2d 900 (concurring opinion). Likewise, if the employee is discharged for refusal to accept a unilateral change in the agreed upon working conditions, the employee would be entitled to benefits as the discharge would not be for just cause as it is defined in IC 22–4–15–1. However, if the employee chooses to remain in the employment under the changed conditions, the prior agreed upon condition will be deemed to have been abandoned and will no longer be considered part of the working conditions." (Footnote omitted.)

399 N.E.2d at 845. The evidence disclosed that Poort and the other employees acceded to this assignment of different jobs. Therefore, had Poort's alleged option existed, i. e. a prior condition of employment in an exclusive classification as a punch press operator, it subsequently was forsaken upon the employees' agreement to perform a variety of other work tasks.

## Issue III. Whether Poort was merely protesting work assignments

■ Here, Poort argues that her conduct was merely a protestation of work assignments rather than refusing a work order. She cites *Osojnich v. Review Board of the Indiana Employment Security Division*, (1959) 129 Ind.App. 515, 158 N.E.2d 656. The court in that case said:

> "It has been generally stated that an employee has the right, without breaching his implied obligation to his employer and thus creating ground for discharge, to protest regarding working conditions and rules of the employer and, to request that they be altered. 56 C.J.S. Master and Servant § 42h., p. 433."

129 Ind.App. at 520, 158 N.E.2d 656.

As stated above, there was testimony that Poort told one supervisor she would not clean the machine, and did not give her reasons. Subsequently, she went to another supervisor who assigned her other jobs whereupon Poort refused to do another assignment. Upon this latter refusal she quarreled with her supervisor for 15 minutes, and only upon the insistence of the

supervisor to perform the job or "punch out" did Poort comply. According to the authority of *Graham, supra*, such conduct amounts to a refusal to obey instructions.

*Issue IV. Waiver*

█ Poort finally contends in the event that her conduct did constitute a refusal to obey instructions under the statute, the fact that the employer's representatives did not discharge her until the end of the day effected a waiver of their right to do so.

The plant superintendent testified that he was not apprised of the problem with Poort until after noon. Thereupon he, and two other supervisors, met with Poort and spent the remainder of the afternoon listening to her complaints. They tried to convince her that they were treating her fairly. Finally, after getting nowhere, Employer discharged Poort. We hold that no waiver existed under these facts.

For the above reasons, this cause is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.