Jan A. FULLER, Appellant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION,
William Skinner, David L. Adams, and
Paul M. Hutson, as Members of and as
constituting the Review Board of the
Indiana Employment Security Division,
and Anchor Hocking Corporation, Ap-
pellees.

No. 2–281A67.

Court of Appeals of Indiana,
Third District.

July 27, 1981.

Michelle A. Link, Joe Oddo, Legal Serv-
ices Organization of Indiana, Inc., Muncie,
for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

STATON, Judge.

Jan A. Fuller appeals from a decision of the Review Board of the Indiana Employment Security Division which found her ineligible for unemployment compensation because she was discharged from her employment for just cause in accordance with IC 1976, 22–4–15–1 (Burns Code Ed., 1980 Supp.).

On appeal, Fuller contends the Review Board's decision is contrary to law on the following basis:

(1) The Review Board's findings of fact do not sustain its decision.

(2) The evidence does not sustain the Review Board's findings of fact.

Because the disposition of Fuller's first contention requires reversal of the Review Board's decision, this Court need not address the second contention.

Reversed and remanded.

After an evidentiary hearing, a referee entered the following findings of fact and conclusions of law:

"FINDINGS AND CONCLUSION: The evidence shows that the claimant worked for this employer for the period from September 18, 1974 to June 17, 1980. She was working as an inspector, with a rate of pay of $6.01 an hour at the time of her separation. The evidence further shows that the claimant did not voluntarily leave her employment, but was discharged as a result of her refusal to accept a one year's probation. The employer wanted to give her this year's probation due to her excessive absenteeism. Her attendance record indicates that for the year of 1977, the claimant was absent 99% of the time, for the year 1978, she was absent 48% of the time, for the year 1979, she [was] absent nearly 51% of the time, and for the year 1980, she did not work a day. The evidence further discloses that she was absent most of this time due to illness-related reasons. For example, during the year 1977, she was absent nearly the entire year due to a pregnancy, and for other periods of absenteeism, the reasons therefor were various other related illnesses. Along with these absences too, the claimant received a warning for being late on a number of occasions. She received this warning on March 14, 1979 for being late on January 13, 1979, February 23, 1979, February 28, 1979, and March 14, 1979. As a result of these problems, the employer told the claimant that she was going to be placed on a year's probation. The claimant felt the probation was unjust, and decided not to accept it. As a result of her refusal to be placed on probation, the claimant was discharged. Under the Indiana Employment Security Act, if the claimant is to be denied unemployment compensation it must be shown that she was discharged for just cause. In view of the evidence the referee finds just cause for the discharge. Although the claimant's absences were primarily due to illness the employer felt that, due to her overall attendance record, she should be given a year's probation. However, the claimant refused to accept a year's probation, and was subsequently discharged, and such a discharge can be supported by her refusal to be placed on probation. From the foregoing findings it is concluded that the claimant was discharged for just cause."

The Review Board adopted the referee's findings and conclusions *in toto*. Fuller commenced this appeal from the Review Board's decision.

When evaluating the sufficiency of the findings of fact on which the Review Board based its decision, this Court must apply the following rules of review:

"It is a basic rule of administrative law that findings of fact 'must contain all the specific facts relevant to the contested issue or issues so that th[is] court may determine whether the Board has resolved those issues in conformity with the law.' *Whispering Pines Home for Senior Citizens v. Nicalek*, (1975), Ind.App., 333 N.E.2d 324, 326. The findings must be

specific enough to allow us to intelligently review the Board's decision. *Indiana Bell Telephone Co., Inc. v. Owens,* (1980), Ind.App., 399 N.E.2d 443. When the administrative board's decision precludes an award the findings of fact must exclude every possibility of recovery. *Wolfe v. Review Board of the Indiana Employment Security Division,* (1978), Ind.App. 375 N.E.2d 652. If the findings are found to be lacking in these areas the cause should be remanded to the board. *Id.*" (brackets original)

*Jones v. Review Board of Indiana Employment Security Division* (1980), Ind.App., 405 N.E.2d 601, 604–05. Furthermore, when the denial of an unemployment compensation claim is challenged as being contrary to law, the two-tier standard of review enunciated in IC 1976, 22–4–17–12 (Burns Code Ed.), must be applied. This Court made the following observations about the two-tier standard of review:

"Under this two-tier standard of review, the Review Board's 'finding of ultimate fact' is the conclusion, and the 'findings of basic facts' are the premises from which the Review Board deduced its conclusion.

'At the first level of review, we examine only the relationship between the premises and the conclusion and ask if the Board's deduction is "reasonable". (Cites omitted.) The inquiry at this first level of review may be termed a "question of law". (Cites omitted.)

'At the second level of review, we inquire into the nexus between the premises or findings of basic facts and the evidence presented to determine if the evidence justified those findings.' *Gold Bond Bldg. Prod. Div., etc. v. Review, Bd., Ind.* (1976), [169] Ind.App. [478], 349 N.E.2d 258, at 263.'

"With regard to the first level of review, it is necessary to determine whether the findings of fact were sufficient in law to support the ultimate finding that [the claimant] was discharged for just cause."

*Graham v. Review Board of Indiana Employment Security Division* (1979), Ind.App., 386 N.E.2d 699, 701–02.

■ After reviewing the Review Board's findings of fact, this Court is unable to conclude that the findings sustain the conclusion that Fuller was discharged from her employment for just cause. The Review Board's findings of fact inform this Court of the following facts relevant to Fuller's claim for unemployment compensation:

(1) Anchor Hocking Corporation, Fuller's employer, ordered Fuller to be placed on probation for one year because her record evidenced excessive absenteeism and tardiness.

(2) Most of Fuller's prolonged absences were for "illness related reasons" and "pregnancy."

(3) Fuller refused to accept the probationary term of employment.

(4) Anchor discharged Fuller "as a result of her refusal to accept a one year's probation."

From these facts, the Review Board concluded that Fuller was discharged from her employment for just cause. It must be emphasized at this point that Fuller was not discharged for excessive absenteeism.

The Review Board's findings of fact do little to apprise this Court of the reason(s) why Fuller refused to accept the probationary term of employment required by Anchor. The findings of fact also fail in stating whether Fuller's reason(s) justified her refusal of probation. Rather, the Review Board chose to recite the facts that precipitated Anchor to order Fuller's placement on probation. While these facts provide useful information for understanding the factual background of the case, they do not effectively sustain the Review Board's conclusion that Fuller's refusal of the probationary term of employment constituted a just cause for her discharge. The Review Board's findings of fact "offer us no insight into the reasoning processes used in drawing the conclusions," for "[w]ithout the reasoning process revealed we can not be certain of the facts used or the intermediate conclusions drawn in the process of making

the ultimate determination of ineligibility." *Jones, supra,* 405 N.E.2d at 605.

There remain several questions of fact which the Review Board must resolve. Without intending to usurp the Review Board's fact finding function, this Court perceives the record to contain the following facts relevant to Fuller's claim. The terms of probation required by Anchor were that Fuller would have been subject to immediate discharge if she failed to report to work for any reason at all. Knowing that chronic illnesses and familial obligations would prevent her from maintaining a perfect record for work attendance, Fuller refused to accept the probationary term of employment required by Anchor. While Anchor had in effect an absentee control program, it is uncertain whether Fuller was in fact eligible for discharge for accumulating the requisite number of absences for immediate discharge. The absentee control program specified the number of absences permitted to an employee each year. However, the following colloquy among the referee, an employer representative, and the personnel supervisor (Shean) reflects that Fuller may not have accumulated enough unexcused absences within the year to justify her discharge:

"REFEREE: You've made your point. So, we did not approach, since you don't have anymore, apparently, we did not approach the number required to discharge her, am I correct?

"EMPLOYER: It appears that way, yes.

"MS. SHEAN: What I think what we want to do . . . What we were doing is taking this as an exception because of the over abundance or whatever you want to call it of this insurance.

"REFEREE: You mean the amount of time she was off and, therefore, drawing insurance payments. Was she drawing insurance payments during this period she was off for her nerves?

"MS. SHEAN: Right, Right."

It appears that Fuller's discharge may have been precipitated by her collection of an "abundance" of disability insurance benefits, thus causing Anchor to treat Fuller as an "exception" to its absentee control program. The "exception" was comprised of a probationary term of employment which required Fuller's immediate discharge if she was absent from work *for any reason at all.* Anchor's creation of an "exception" for Fuller may have constituted a unilateral change in the terms and conditions of Fuller's employment. In her appellate brief, Fuller directs this Court to its recent observations regarding the effect of a unilateral change in the terms and conditions of employment that are controlled by a specific agreement between an employer and its employees:

"Generally, an employer has the prerogative of setting business hours, working schedules and working conditions in the absence of a specific agreement. However, an employee has the right to place conditions or limitations on his employment. If such conditions are made known to the employer and are agreed to by it, these conditions become contractual working conditions. If the working conditions are unilaterally changed by the employer and the employee chooses to terminate the employment rather than accept the change, the employee will be entitled to unemployment benefits since the reason for termination was a change in work agreed to be performed by the employee. Such reason constitutes good cause. *Wade v. Hurley* (1973), 33 Colo. App. 30, 515 P.2d 491; *Gray v. Dobbs House, Inc.* (1976), [171] Ind.App. [444], 357 N.E.2d 900 (concurring opinion). Likewise, if the employee is discharged for refusal to accept a unilateral change in the agreed upon working conditions, the employee would be entitled to benefits as the discharge would not be for just cause as it is defined in IC 22–4–15–1. However, if the employee chooses to remain in the employment under the changed conditions, the prior agreed upon condition will be deemed to have been abandoned and will no longer be considered part of the working conditions." (footnote omitted)

*Jones v. Review Board of Indiana Employment Security Division* (1980), Ind.App., 399 N.E.2d 844, 845; *see also, Frank v. Review Board of Indiana Employment Security Division* (1981), Ind.App., 419 N.E.2d 1318, 1319; *Moore v. Review Board of Indiana Employment Security Division* (1980), Ind. App., 406 N.E.2d 325, 327. The "exception" created by Anchor for Fuller may have constituted the type of change in the terms and conditions of employment prohibited by this Court in *Jones*, if the probationary term of employment entailed a change in Anchor's absentee control program. If such is the case, Fuller is entitled to unemployment compensation.

The Review Board is not bound by the observations of fact made above. In hope of directing the Review Board toward the relevant area of factual controversy, this Court merely recited what appears to be the essential facts needed for a just resolution of Fuller's claim for unemployment compensation. The Review Board is free to make its own findings of fact. This Court only asks that the Review Board address itself to the facts that are relevant to its conclusion that Fuller's refusal of the probationary term of employment constituted a just cause for her discharge.

Accordingly, this action is remanded to the Review Board for further proceedings consistent with this opinion. The Review Board is instructed to make specific findings on the issues relevant to Fuller's claim and to render the decision thereon.

Reversed and remanded.

HOFFMAN, P. J., and GARRARD, J., concur.