ROBERTSON, RATLIFF, JJ., concur.

**Robert VEGA, Appellant**
**(Claimant Below),**

v.

**REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, Appellee.**

No. 2–684A188.

Court of Appeals of Indiana,
Fourth District.

Dec. 18, 1984.

Robert Vega, pro se.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Robert Vega is seeking a favorable review from this court, which would overturn the decision of the Review Board of the Indiana Employment Security Division denying a dependency allowance for his wife. The Review Board's decision, adopting that of the appeals referee, determined Vega could not claim his wife as a dependent for purposes of unemployment compensation because she had her own current, active claim with the Division (although her benefits were exhausted). The plain language of the statutes involved herein requires us to rule that the Review Board reached a proper determination, and we affirm.

### FACTS

Vega filed his initial claim for unemployment benefits on February 3, 1984. Included in his claim was a request for a dependency allowance for his wife. Vega's claim for his spouse was denied because the Employment Security Division discovered Mrs. Vega already had an active claim with the Division. Vega requested a hearing with an appeals referee to contest this initial

determination. At the hearing on March 14, 1984, the undisputed evidence showed Mrs. Vega had filed for unemployment benefits on April 4, 1983, and had received such benefits at $84 per week until such benefits were exhausted in mid-January, 1984. Mrs. Vega's benefit year was scheduled to end March 31, 1984.[1] The appeals referee agreed with the initial determination and found the following:

"It is further noted by the appeals referee that according to Benefit Policy Guide, Section 1700(d), it stipulates the following relative to the issue presented in regard to the determination of ineligibility of claimant spouse for Indiana benefits. It stipulates that claimant's lawful spouse on the date of filing of the claim must be unemployed and ineligible for Indiana benefits because of insufficient wages in the base period. It goes on to state if the spouse is within a benefit year, as is the case at hand, but is currently ineligible for benefits because of exhaustion of the maximum benefit amount or because of a suspension of benefits due to a disqualification, the spouse will not fall within the definition of an eligible dependent because of [sic] such ineligibility is not due to insufficient wage credits.

CONCLUSION: From the foregoing findings of fact and given the applicable rules and regulations as currently imposed and written, it is concluded that claimant's request to include his spouse as a dependency allowance on his initial claim for benefits is denied for the above stated reasons.

DECISION: The monetary determination appealed by claimant and computed by the Division on February 9, 1984, is hereby affirmed as issued."

Record, pp. 28–29. On March 23, 1984, the Review Board adopted the referee's find-

---

1. For some unexplained reason, the Division's records conflict with regard to Mrs. Vega's benefit year. One Form 506 indicates she was eligible through March 31, 1984 (Record, p. 12); the other, through April 28, 1984 (Record, p. 14). Regardless of this careless recordkeeping, this discrepancy has no effect on Mrs. Vega's ineligibility to qualify as an eligible dependent for purposes of Vega's claim.

ings and conclusions. Vega is now before us for review of this decision.

### DECISION

Vega's broad issue in his assignment of errors is that the Review Board's decision is contrary to law. More specifically, he contends that the regulation relied on by the Board, Section 1700(d) of the Benefit Policy Guide, is inconsistent with the general humanitarian purposes and intent of the Employment Security Act and is thereby invalid. Vega is mistaken.

■ Our statutory standard of review when a Review Board decision is challenged as contrary to law is two-fold. First, we review whether the Board's conclusion (finding of ultimate fact) is supported by its findings of basic facts. Then we examine the evidence before the Board to determine whether its basic findings are valid as supported by such evidence. IND. CODE 22–4–17–12; *Fuller v. Review Board of Indiana Employment Security Division* (1981), Ind.App., 423 N.E.2d 725. The Board's decision here passes muster with respect to both tiers of review.

■ Vega's primary argument against the ultimate finding of fact is that because his wife exhausted her own benefits before he filed his claim, she qualified as a dependent because she is now ineligible for further benefits due to insufficient base period wages. As background to this argument, it is pertinent to set forth the portion of the statute delineating who is and who is not a qualified spousal dependent of an unemployment benefits claimant:

"For the purpose of this subsection, the *term 'dependent' means lawful husband or wife,* natural child, adopted child, stepchild if such stepchild is not receiving aid to dependent children under the welfare program, or child placed in the claimant's home for adoption by an authorized placement agency or a court of law, provided such child is under eighteen (18) years of age *and that such dependent claimed has received more than one-half (½) the cost of support from claimant during ninety (90) days*

*(or for duration of relationship, if less) immediately preceding claimant's benefit year beginning date, but only if such dependent who is lawful husband or wife is unemployed and currently ineligible for Indiana benefits because of insufficient base period wages.* The number and status of dependents shall be determined as of the beginning of the claimant's benefit period and shall not be changed during that benefit period."

IND.CODE 22–4–12–2 (Emphasis added). The provision Vega attacks here is that one where a spouse can only qualify as a dependent if she "is unemployed and *currently ineligible* for Indiana benefits because of insufficient base period wages." *Id.*, (Emphasis added.) The disputed policy regulation § 1700(d), the Board used in denying Vega's claim, evidently ("evidently" because neither party has favored us with ·a copy of the regulation) encompasses one particular instance of *disqualification* with respect to this provision wherein the spouse, although unemployed, cannot be claimed a dependent if she is currently within her own benefit year but has either exhausted her benefits or been disqualified from receiving same. In other words, the Review Board decided that Mrs. Vega's having exhausted her benefits is not the equivalent of ineligibility for insufficient base period wages. We believe this is the correct interpretation of the pertinent statutes.

■ When I.C. 22–4–12–2 refers to one's ineligibility for her own benefits because of insufficient base period wages, it clearly means that a potential claimant has failed to comply with the threshold requirements found in IND.CODE 22–4–14–5:

"As further conditions precedent to the payment of benefits to an individual with respect to benefit periods established on and after July 6, 1980:

(1) the individual must have established, after his last base period, if any, wage credits as defined in IC 22–4–4–3 and within the meaning of IC 22–4–22–3, equal to at least one and

one quarter (1.25) times the wages paid to him in the calendar quarter in which his wages were highest; and

(2) he must have established wage credits in the last two (2) calendar quarters of his base period in a total amount of not less than nine hundred dollars ($900) and an aggregate amount in the four (4) calendar quarters of his base period of not less than one thousand five hundred dollars ($1500)."

*See, e.g., Potts v. Review Board of Indiana Employment Security Division* (1982), Ind.App., 438 N.E.2d 1012. At one time, Mrs. Vega had clearly established this minimum wage credit requirement. However, Vega asserts that she could not establish this minimum at the time he filed his claim and that she should thus be categorized with those individuals who are dependents for failing to fulfill I.C. 22–4–14–5. Unfortunately, this statute was simply not applicable to Mrs. Vega at the time her husband filed his claim.

In February, 1984, when Vega filed for benefits, Mrs. Vega was still within her own benefit year. Because she had received all her available benefits, she fit, not within any category of ineligibility, but within the status of "exhaustee":

"(k) 'Exhaustee' means an individual who, with respect to any week of unemployment in his eligibility period: [2]

(1) *has received, prior to such week, all of the regular benefits including dependent's allowances that were available to him under this article* or under the law of any other state (including benefits payable to federal civilian employees and ex-servicemen under 5 U.S.C. 8501 through 8525) *in his current benefit period that includes such week.* However, for the purposes of this subsection, an individual shall be deemed to have received all of the regular benefits that were available to him although as a result of a pending

appeal with respect to wages that were not considered in the original monetary determination in his benefit period or although a nonmonetary decision denying benefits is pending, he may subsequently be determined to be entitled to added regular benefits.

(2) may be entitled to regular benefits with respect to future weeks of unemployment but such benefits are not payable with respect to such week of unemployment by reason of seasonal limitations in any state unemployment insurance law; or

(3) having had his benefit period expire prior to such week, has no, or insufficient, wages on the basis of which he could establish a new benefit period that would include such week:

and has no right to unemployment benefits or allowances as the case may be, under the Railroad Unemployment Insurance Act of 1965 and such other federal laws as are specified in regulations issued by the United States Secretary of Labor, and has not received and is not seeking unemployment benefits under the compensation law of Canada; but if he is seeking such benefits and the appropriate agency finally determines that he is not entitled to benefits under such law, he is considered an exhaustee."

IND.CODE 22–4–2–34(k) (Emphasis added). Case law has established that an individual who is labelled an exhaustee is *not* ineligible. *See Harrell v. Review Board of Indiana Employment Security Division* (1978), 176 Ind.App. 326, 375 N.E.2d 672. Thus, Mrs. Vega's status was clearly one of eligibility not ineligibility as required by the dependency definition. This is also supported by another statute which allows *extended* benefits to exhaustees. IND. CODE 22–4–14–6. Thus, Mrs. Vega clearly did not qualify for dependency to Vega because she was still eligible for benefits, whether she actually received them or not.

**2.** "(j) 'Eligibility period' of an individual means the period consisting of the weeks in his benefit period which begin in an extended benefit period and, if his benefit period ends within

such extended benefit period, any weeks thereafter which begin in such extended benefit period."
IND.CODE 22–4–2–34(j).

Vega argues that the dependency statute technically applies because Mrs. Vega, if she had filed a claim in February, 1984, would have been ineligible due to insufficient wage credits. This may well be true, but we cannot view Mrs. Vega's unemployment status on any one day in a vacuum. The fact remains that she was still within her benefit year and was still eligible for benefits (although exhausted) when her husband filed his claim.

Vega declares the humanitarian nature of the Employment Security Act compels us to give a liberal interpretation to the phrase "ineligible ... because of insufficient base period wages" (I.C. 22-4-12-2) in order to include Mrs. Vega. *See, e.g., Reece v. Review Board of Indiana Employment Security Division* (1977), 172 Ind.App. 503, 360 N.E.2d 1262. However, we cannot otherwise reconcile the provisions of the specific language of the dependency definition in I.C. 22-4-12-2 with the wage credit and exhaustion statutes if we were to succumb to Vega's interpretation. *See, e.g., Taylor v. Review Board of Indiana Employment Security Division* (1983), Ind.App., 454 N.E.2d 1237. To determine otherwise would imbue Mrs. Vega with the potential for a double recovery, as her husband's dependent and as an exhaustee eligible for extended benefits.

We are sympathetic to the hardships being suffered in northern Indiana due to industrial recessions, but the Employment Security Act is not a "make-whole" stopgap to financial difficulties. As our legislature has declared in its policy statement:

"Protection against this great hazard of our economic life can be provided *in some measure* by the required and systematic accumulation of funds during periods of employment to provide benefits to the unemployed during periods of unemployment and by encouragement of desirable stable employment."

IND.CODE 22-4-1-1 (Emphasis added). Vega must keep in mind this legislative protection has its limits, and one of those limits is the eligibility requirements for benefits. "Eligibility for receipt of benefits bears no relation to the needs of the claimant or the degree of calamity which he has suffered. The financial circumstances surrounding the unemployed worker are not mentioned as factors, however unfortunate or unfavorable they may be." *Copeland v. Oklahoma Employment Security Commission* (1946), 197 Okla. 429, 172 P.2d 420.

The foregoing establishes that the Review Board's ultimate finding is supported by the facts and law found in its basic findings, and Vega does not dispute the evidence supports these basic findings. Thus, the Board's decision is not contrary to law, and it is

Affirmed.

CONOVER and YOUNG, JJ., concur.