364 N.E.2d 1189 (1977)
Tony E. ERVIN, Appellant,
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, J. Frank Hanley II, and Ralph F. Miles, As Members of the Review Board of the Indiana Employment Security Division and Richmond State Hospital, Appellees.
No. 2-976A327.
Court of Appeals of Indiana, Third District.
July 21, 1977.
*1190 Keith A. Dilworth, Richmond, for appellant.
Theo. L. Sendak, Atty. Gen., Darrel K. Diamond, Deputy Atty. Gen., Indianapolis, for appellees.
HOFFMAN, Judge.
This appeal is a review of a decision of the Review Board of the Indiana Employment Security Division affirming a referee's denial of unemployment benefits under the Indiana Employment Security Act[1] to appellant Tony E. Ervin (Ervin) because he had been discharged for just cause from his employment with the Richmond State Hospital (Hospital).
The operative facts are as follows:
Ervin worked for the Hospital as a driver in the Nursing Service Department from March 17, 1975, until February 6, 1976, when he was discharged. His duties were *1191 delivering mail and drugs to various wards and transporting patients to appointments.
On February 4, 1976, Ervin made physical advances toward Mrs. Paula Coates, a clerk-typist at the Hospital, by grabbing her right buttocks. In another incident the same day, Ervin tried to kiss her, but she turned away, and the kiss landed on her cheek. Mrs. Coates was quite embarrassed and objected to Ervin's touching her on the buttocks. She smelled the odor of alcoholic beverages on Ervin's breath. Although Mrs. Coates waited two or three days to report the incidents, another employee who witnessed Ervin's advances reported them to the supervisor. On several prior occasions after Ervin had been drinking, he had teasingly tried to kiss Mrs. Coates, but she had ignored him. Ervin had never before tried to become physical with her.
The referee affirmed the deputy's initial determination and concluded that Ervin was discharged for just cause within the meaning of chapter 15, § 1 of the Act.[2]
In Ervin's appeal to the Review Board, the Review Board affirmed, with the following findings of fact and conclusions:
"STATEMENT OF FACTS: The evidence of record indicates that claimant worked for this employer as a driver beginning March 17, 1975, to February 6, 1976, on which latter date he was discharged. The employer's witness testified that claimant made improper advances toward her by grabbing her on the buttocks and making efforts to kiss her.
"FINDINGS AND CONCLUSIONS: The Review Board finds that claimant worked for this employer as a driver from March 17, 1975, to February 6, 1976, and that he was discharged from his employment because he allegedly made improper advances toward another employee.
"It further finds that the employer's witness testified at the referee hearing concerning the details of the incident in which the alleged improper advances were made.
"The Review Board concludes that the employer has sustained its burden of proof with substantive evidence of probative value to indicate that claimant was discharged for just cause in connection with work within the meaning of the Act.
"DECISION: The decision of the referee in Case No. 76-A-1769 is hereby affirmed this 15 day of July, 1976."
Ervin first contends that the decision of the Review Board is not supported by the evidence. His argument raises several related questions which we shall discuss in logical sequence.
Ervin's initial suggestion that he was not discharged for improper advances toward a co-employee is refuted by the record. Both the "Eligibility Information Report" and the "Statement of Respondent's Contention" submitted by the Hospital in this case list as one of the grounds for discharge that Ervin was observed grabbing one of the clerks by the buttocks and trying to kiss her on the mouth before she pulled herself free.
Ervin next alleges that the Review Board erred in deciding that he was discharged for just cause because the Board relied upon a reason other than those relied upon by the appeals referee.[3]
The scope of review by the Review Board is not limited when an appeal is taken from a referee's decision. Hacker v. Rev. Bd. (1971), 149 Ind. App. 223, 271 N.E.2d 191; Ogilvie v. Review Bd. of Ind. Emp. Sec. Div. (1962), 133 Ind. App. 664, 184 N.E.2d 817. Upon a request for an appeal to the Review Board the entire claim is removed to the Board. The Review Board is not limited to a determination of the findings of facts or to the issues presented and determined by the appeals referee. Ogilvie v. Review Bd. of Ind. Emp. Sec. Div., supra. The Review Board acts independently upon the evidence before it. The *1192 Court of Appeals reviews the decision of the Review Board without reference to the conclusions of the deputy or referee. Davis et al. v. Rev. Bd. et al. (1973), 157 Ind. App. 455, 300 N.E.2d 690. The only issue ever in dispute in the present case was whether Ervin was discharged for just cause. There is no legal reason why the Review Board could not find that Ervin was discharged for just cause on factual grounds different than those relied upon by the appeals referee. Ogilvie v. Review Bd. of Ind. Emp. Sec. Div., supra.
Ervin next asserts that improper sexual advances are not a statutory reason for discharge for just cause.
IC 1971, XX-X-XX-X (Burns Code Ed. 1976 Supp.), provides:
"`Discharge for just cause' as used in this section is defined to include but not be limited to separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness; damaging the employer's property through wilful negligence; refusing to obey instructions; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours; conduct endangering safety of self or coworkers; incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed employer by an employee." (Emphasis added.)
In construing a statute, our primary objective is to ascertain and give effect to the intent of the Legislature. Allen Co. Dept. of Pub. Welfare v. Ball Mem. Hosp. (1969), 253 Ind. 179, 184, 252 N.E.2d 424, 426; Kirby et al. v. Employment Security Bd. (1973), 158 Ind. App. 643, 304 N.E.2d 225. In determining the legislative intent of a statute, we must examine the language of the statute itself. City of Muncie et al. v. Campbell (1973), 156 Ind. App. 59, 63, 295 N.E.2d 379, 382 (transfer denied). Because the statutory definition of "discharge for just cause" includes but is not limited to the specific conduct enumerated, the Legislature did not intend to limit the definition to the conduct specifically listed. See, Hough v. Zehrner et al. (1973), 158 Ind. App. 409, 413, 302 N.E.2d 881, 883 (transfer denied).
The statutory definition of "discharge for just cause" includes the general phrase "any breach of duty in connection with work which is reasonably owed employer by an employee." By finding that Ervin was discharged for just cause for his improper advances toward another employee, the Review Board implicitly determined that Ervin's improper advances toward another employee were a breach of the duty reasonably owed the Hospital by Ervin. The conclusions of the Review Board will not be disturbed unless reasonable persons would be bound to reach a different conclusion on the evidence in the record. Skirvin v. Review Bd. of Indiana Employ. Sec. Div. (1976), Ind. App., 355 N.E.2d 425 (transfer denied); Gardner v. Review Board of Indiana Emp. Sec. Div. (1974), Ind. App., 318 N.E.2d 361; Ogilvie v. Review Bd. of Ind. Emp. Sec. Div., supra. Reasonable persons could conclude that an employee owes his employer a duty to refrain from making improper sexual advances toward other employees at the employer's place of business. Thus, the Review Board did not err in concluding as a matter of law that Ervin's discharge for improper advances toward a co-employee constituted discharge for just cause within the statutory definition of that term.
Ervin next maintains that the Hospital could not rely on the "alleged kissing and grabbing" as grounds for his discharge without first warning him that such conduct jeopardized his job. The record reveals that Ervin had been either counseled or warned regarding his work performance at least ten times. The record further shows that he had been reprimanded for his drinking and quick temper, that prior incidents of his attempts to kiss Mrs. Coates *1193 occurred after he had been drinking, and that the incident of his improper advances toward Mrs. Coates occurred after he had been drinking.
Nonetheless, Ervin argues that Industrial Laundry v. Rev. Bd. (1970), 147 Ind. App. 40, 258 N.E.2d 160, precludes the improper advances from serving as grounds for discharge for just cause absent prior warnings from the Hospital. Ervin has misconstrued the court's reference to the absence of warnings in Industrial Laundry. An employer's failure to give warnings after prior incidents of misconduct does not rob the employer of the right to rely on those incidents as grounds for the employee's discharge. Bendix Corp. v. Radecki et al. (1973), 158 Ind. App. 370, 302 N.E.2d 847. Ervin's argument is without merit.
Ervin next contends that the decision of the Review Board is not supported by sufficient evidence. Initially we point out that generally the Review Board's decision as to all questions of fact is conclusive and binding on this court. Skirvin v. Review Bd. of Indiana Employ. Sec. Div., supra; IC 1971, XX-X-XX-XX (Burns Code Ed.). In reviewing the evidence to support the Review Board's determination we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board's decision. Skirvin v. Review Bd. of Indiana Employ. Sec. Div., supra; Lewis v. Rev. Bd. (1972), 152 Ind. App. 187, 282 N.E.2d 876. On appeal, we may only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record. Skirvin v. Review Bd. of Indiana Employ. Sec. Div., supra; Gardner v. Review Board of Indiana Emp. Sec. Div., supra.
The evidence in this record viewed most favorably to the Review Board's decision reveals that on February 4, 1976, Ervin grabbed Paula Coates, a co-employee, by the right buttocks and made an effort to kiss her. Mrs. Coates smelled alcohol on Ervin's breath. She was quite embarrassed and found Ervin's grabbing of her buttocks objectionable. Mrs. Coates did nothing to encourage Mr. Ervin and did not consider such behavior common practice at the Hospital. Mrs. Coates did not immediately report the incident to her supervisor because she was afraid of Ervin.
The Review Board found Ervin was discharged for just cause because of his "improper advances" toward Mrs. Coates. It cannot be said that reasonable persons would be bound to reach a different conclusion. The Review Board's decision therefore is supported by sufficient evidence of probative value.
Ervin finally contends that the appeals referee was not fair and impartial because he curtailed cross-examination of employer's witness Paula Coates and interrupted with questions of his own.
IC 1971, XX-X-XX-X (Burns Code Ed.), provides, inter alia, that:
"The manner in which disputed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the board for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure. * * *."
Indiana Employment Security Board Regulation 1003 provides, inter alia, that:
"All hearings shall be conducted informally in order to determine the substantial rights of the parties. The parties may present such evidence as the referee deems necessary for determining the substantial rights of the parties. The parties to the appeal may appear in person, by attorney, or duly authorized agent or representative, and shall have the right to examine their own witnesses, present evidence and cross-examine witnesses of the opposing party. Any referee engaged in conducting such a hearing shall have the right to examine all witnesses and may require the parties to produce any available evidence he may deem necessary for proper determination of the case. Where either party fails to appear or where either party is not represented by an attorney or duly authorized agent, it shall be the duty of the referee to examine such party's witnesses, and to cross-examine all witnesses of the other party, in order *1194 to insure complete presentation of the case. * * *."
Ind.Admin.Rules and Regs. (XX-X-XX-X)-1 (Burns Code Ed.).
While wide latitude is allowed an administrative body in the conduct of its hearings, due process of law must be accorded to those whose rights are affected. Ladd v. Rev. Bd. (1971), 150 Ind. App. 632, 276 N.E.2d 871. Whether the procedures used by a hearing referee deny a party due process of law depends not upon a technical examination of his methods of questioning, but rather upon whether such methods were fair and whether the evidence taken as a whole supports his conclusion. Lewis v. Rev. Bd., supra. If the referee cuts off a witness' answers or does not permit full answers to questions concerning the issues, a denial of due process could occur. Ladd v. Rev. Bd., supra. There is, however, no support in the record for Ervin's allegation that the referee improperly interrupted his testimony or the testimony of his witnesses.
An examination of the record reveals moreover that the referee did not improperly curtail Ervin's cross-examination of Mrs. Coates. After Ervin's representative misstated previous testimony, the referee warned the representative against testifying during his questioning. After determining what the representative was trying to establish, the following exchange occurred:
"REFEREE: I'll ask the question for you if you don't mind.
"MR. BOWMAN: Okay, that's fine."
Hence, the record shows that the representative consented to the referee's questioning of Mrs. Coates. At the completion of those questions, the referee permitted the representative to continue, but he conducted no further cross-examination of the witness. The record thus shows that the referee was fair and that Ervin was not denied due process of law. Lewis v. Rev. Bd., supra.
Ervin has failed to show that the decision of the Review Board is contrary to law. The decision of the Review Board is therefore affirmed.
GARRARD, J., concurs.
LOWDERMILK, J., participating by designation, concurs.
NOTES
[1] IC 1971, XX-X-X-X-XX-X-XX-X (Burns Code Ed.).
[2] IC 1971, XX-X-XX-X (Burns Code Ed. 1976 Supp.).
[3] The referee concluded that Ervin was discharged for just cause within the meaning of IC 1971, XX-X-XX-X (Burns Code Ed. 1976 Supp.), because he had used abusive language in front of co-employees and patients and because he had been intoxicated while on the job.