386 N.E.2d 699 (1979)
Leonard O. GRAHAM, Sr., Appellant,
v.
REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, J. Frank Hanley II, and Ralph E. Miles, As Members of and As Constituting a Quorum of the Review Board of the Indiana Employment Security Division, and Board of Commissioners of Owen County, Appellees.
No. 2-478A138.
Court of Appeals of Indiana, Third District.
March 6, 1979.
*700 Jane A. Cullen, Bloomington, for appellant.
Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, Richard W. Lorenz, Spencer, for appellees.
HOFFMAN, Judge.
Claimant-appellant Leonard O. Graham, Sr. (Graham) appeals from the denial of unemployment compensation by the Review Board of the Indiana Employment Security *701 Division (Review Board). Graham raises two issues for review:
(1) whether the decision is contrary to law; and
(2) whether the Review Board erred by not granting a continuance.
The record indicates that Graham was employed from March 3, 1975 to September 13, 1977 as a custodial maintenance helper for the Owen County Board of Commissioners (Commissioners). Appellant was one of three persons assisting Darrell Powell (Powell) with the custodial work. Powell testified that he was hired on January 1, 1977 as a custodian and supervisor of the custodial staff for the Owen County Courthouse. Powell stated that from January 1, 1977 to June 15, 1977 Graham presented no difficulties at work. From June 15, 1977 to August 15, 1977, Powell was on leave from work due to a leg problem. During this period, Graham assumed the duties of Powell.
When Powell returned to work, he was unable to resume his full duties and his difficulties with Graham ensued. Powell testified that claimant would not begin working until 8:00 A.M. although he was scheduled to start at 7:30 A.M. This tardiness occurred approximately four times a week in spite of several admonishments by Powell to Graham that he should start working. Powell also testified that Graham once left the job site for thirty minutes to work on his truck without advising Powell of his absence or obtaining his permission. Powell further testified that Graham told some co-workers to slow down and not to hurry while working. Powell stated that Graham talked to Maxine Chamness while she was working outside and she left her job post to talk with him. When directed by Powell to return to her job, she refused.
Additionally, Graham refused Powell's order to dig a ditch on August 15, 1977, for the reason that the task was not within the scope of his duties. On August 17, 1977, Graham was informed by the Commissioners that he was to do as Powell required. Graham responded that he would not follow Powell's orders. The Commissioners told Graham he would be terminated if he did not obey the orders of his supervisor. On September 13, 1977, Powell again directed Graham to dig a ditch around the sidewalk. In reply, Graham stated that he would help dig the ditch but would not do it by himself. Powell then fired him.
Reversing the decision of the appeals referee, the Review Board found that appellant was discharged for failure to report to work as scheduled; leaving work before the end of his work shift without permission; interfering with co-workers in the performance of their work; and insubordination for refusing to ditch the sidewalks around the courthouse. While appellant has attacked these findings of fact as contrary to law, it is only necessary to discuss the finding of insubordination to affirm the decision of the Review Board.
In his assignment of errors, appellant alleges that the decision of the Review Board is contrary to law. Such an assertion raises both the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of fact. IC 1971, XX-X-XX-XX (Burns Code Ed.). Under this two-tier standard of review, the Review Board's "finding of ultimate fact" is the conclusion, and the "findings of basic facts" are the premises from which the Review Board deduced its conclusion.
"At the first level of review, we examine only the relationship between the premises and the conclusion and ask if the Board's deduction is `reasonable'. (Cites omitted.) The inquiry at this first level of review may be termed a `question of law'. (Cites omitted.)
"At the second level of review, we inquire into the nexus between the premises or findings of basic facts and the evidence presented to determine if the evidence justified those findings." Gold Bond Bldg. Prod. Div., etc. v. Review Bd., Ind. (1976), Ind. App., 349 N.E.2d 258, at 263.
With regard to the first level of review, it is necessary to determine whether the findings of fact were sufficient in law *702 to support the ultimate finding that Graham was discharged for just cause. Graham claims that the Review Board failed to make specific findings of fact with respect to all material issues in that there was no finding that the task of ditch-digging was within the scope of his duties. However, such a finding was not required. It seems that Graham has confused his contention that the findings of fact do not sustain the decision with an asserted failure of the evidence to support those findings. IC 1971, XX-X-XX-X (Burns Code Ed.) provides in part that:
"`Discharge for just cause' as used in this section is defined to include but not be limited to separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance, if the individual can not (sic) show good cause for absences or tardiness; damaging the employer's property through wilful negligence; refusing to obey instructions; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours; conduct endangering safety of self or coworkers; incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work which is reasonably owed employer by an employee." (Emphasis added.)
Since refusal to obey instructions is a statutory ground for discharge, the finding that Graham refused to ditch the sidewalks was sufficient as a matter of law for the Review Board to deduce that Graham was discharged for just cause.
The second step in the inquiry is whether the findings of fact were supported by sufficient evidence. Generally, the Review Board's decision as to all questions of fact is conclusive. In reviewing the evidence to support the Review Board's determination, evidence will not be weighed and only that evidence most favorable to the judgment and reasonable inferences therefrom will be considered. Ervin v. Review Bd., etc. (1977), Ind. App., 364 N.E.2d 1189. As appellant has correctly noted, the reviewing court may reverse the decision of the Review Board if the Review Board ignored competent evidence. Williamson Co. v. Rev. Bd. (1969), 145 Ind. App. 266, 250 N.E.2d 612. Appellant urges that the Review Board ignored competent evidence that Graham had performed his supervisor's duties for two months and that he requested assistance with a job which he felt was outside the scope of his duties. While these facts indicate mitigating circumstances surrounding Graham's conduct, there was nonetheless substantial evidence of probative value to support the finding of insubordination.
In order to justify the refusal to pay unemployment benefits under the statute, the employer has the burden of showing that the claimant was discharged for just cause. The employee then has the burden of rebutting the case made out by the employer by the introduction of competent evidence of probative value. Williamson Co. v. Rev. Bd., supra. The employer introduced evidence that Graham refused to dig a ditch on August 15, 1977. Even after the Commissioners warned him to follow Powell's directions, Graham still would not dig the ditch on September 13, 1977, telling Powell that he would help but would not dig it alone. There was no evidence that digging ditches violated Graham's contract for hire. As a matter of fact, Graham's testimony indicated that his real objection to digging the ditch was that his supervisor would not help with the task.
When the authority of those in whom the employer has confided responsibility for day-to-day operations is flouted by an employee's willful disregard of reasonable directives, just cause for discharge of that employee exists. Therefore, Graham's insubordination was sufficient to preclude a recovery of unemployment compensation.
Appellant next maintains that the Review Board denied him due process of *703 law when it refused his attorney's request for a continuance of the March 9, 1978 hearing. Ind.Admin.Rules & Regs. (XX-X-XX-X)-5 (Burns Code Ed.) provides that any employee involved in a hearing before a referee or the Review Board may appear by counsel. The referee or Review Board may continue any hearing upon its own motion or upon written application of any party to the appeal. The written application must be received no later than three days before the date of the hearing. Ind.Admin.Rules & Regs. (XX-X-XX-X)-1 (Burns Code Ed.). It is conceded that claimant did not file a written application for a continuance with the Review Board. Thus, his due process attack is based on the argument that the Review Board should have granted the continuance on its own motion.
When Graham appeared before the referee on November 9, 1977, he was represented by counsel. On February 23, 1978, the Review Board sent notice to the parties that the hearing in this case was set for March 9, 1978. In an affidavit, Jane Cullen avers that she is an attorney for Legal Services Organization (LSO); that Graham did not contact LSO prior to March 7, 1978, because he was unaware of its existence; that due to prior hearing commitments, the three LSO attorneys would be unable to represent Graham at the March 9, 1978 hearing; that on March 8, 1978, she requested a continuance in a phone call to the Review Board Chairman who denied the request; and that appellant represented himself at oral argument before the Review Board.
An examination of the record shows the certificate of the Review Board Chairman, which reads as follows:
"I, William H. Skinner, Review Board Chairman, Indiana Employment Security Division, certify the the foregoing (pp. 1 through ____) is a true and complete record of the proceedings had before the Review Board (no additional evidence was taken) and an appeals referee for the Indiana Employment Security Division Appellate Section; and that it contains a transcript of all evidence offered in Case No. (77-SUA-1124) 77-R-1971, wherein Leonard O. Graham, Sr., was the claimant involved and Board of Commissioners of Owen County was the employer involved.
"DATED this 6th day of April, 1978, at Indianapolis, Indiana." (Emphasis added.)
Following this certificate is the affidavit of Jane Cullen dated April 28, 1978. Thus, it is apparent that her affidavit was not certified. If appellant wished to have this affidavit considered as part of the record on appeal, he should have sought correction or modification of the record under the procedure prescribed by Ind. Rules of Procedure, Appellate Rule 7.2(C). Stewart v. State (1976), Ind. App., 354 N.E.2d 749, at 755. Although that procedure is not by its terms applicable to administrative proceedings, it should be so applied to accomplish a similar end. See: Yunker v. Porter County Sheriff's Merit Bd. (1978), Ind. App., 382 N.E.2d 977. Since the record does not disclose a request for a continuance, the issue whether appellant's due process rights were violated is not subject to review.
Moreover, from the matters presented it does not appear that Graham exercised the necessary diligence to establish the Board's action as an abuse of discretion.
No reversible error having been demonstrated, the decision of the Review Board is affirmed.
Affirmed.
GARRARD, P.J., and STATON, J., concur.