Florentino MOLINA, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, and Gentner Packing Company, Appellees.

No. 2–1080A355.

Court of Appeals of Indiana, Fourth District.

April 8, 1981.

Legal Services Program of Northern Indiana, Inc., Joel L. Lauer, Jr., South Bend, for appellant.

Linley E. Pearson, Theodore L. Sendak, Attys. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

MILLER, Judge.

Florentino Molina appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board) affirming its Appeals Referee's decision that the Gentner Packing Company discharged Molina for just cause under Ind. Code 22–4–15–1 (Supp.1980) when Molina failed to keep an appointment with Gentner Packing's company doctor to determine if Molina was physically able to return to work. Two issues are presented to us for consideration:

1) Did Gentner Packing have just cause to terminate Molina's employment when he failed to keep the doctor's appointment arranged by the company but about which he had no knowledge?

2) Did Gentner Packing fulfill its burden of proof that Molina was disqualified to receive unemployment benefits under IC 22–4–15–1?

We reverse the Review Board for the reasons stated below.

## FACTS

Gentner Packing, located in South Bend, hired Molina as a hide machine operator and he worked continuously until May 1, 1978 when, during the course of performing his job, he suffered a back injury causing extensive pain in his right shoulder, groin and right thigh. Pursuant to company policy he entered the emergency room at a local hospital and subsequently was examined by the company doctor, Dr. Max Feldman. Molina remained in the hospital for a few days and, retroactive to May 1, 1978, received Workman's Compensation benefits.

After Molina was released from the hospital in June, 1978 but while he was still disabled from the back injury, Dr. Feldman referred Molina to a neurologist, Dr. Martin Feferman. Dr. Feferman examined Molina and admitted him to a hospital in July, 1978. Molina was placed in traction for several days and, still under Dr. Feferman's care, was released near the end of July. At this time Dr. Feferman scheduled an appointment with Molina for August 14, 1978 to determine if he could return to work.

Still suffering from the back injury after his late July hospital release, Molina traveled to Chicago to locate and be treated by a "curandero" or "a healer using massage techniques." On July 31, while Molina was in Chicago, Gentner Packing called his wife informing her it wanted Dr. Feldman to examine Molina to determine if he was physically ready to return to work. They called again on August 2, telling Molina's wife that an appointment had been arranged with Dr. Feldman for August 3. Ms. Molina explained to the company's representative that Molina was in Chicago and that she did not have an address or phone number where she could reach him to inform him of the August 3 appointment. On Friday, August 4, having received treatment from a "curandero," Molina called his wife who told him of Gentner Packing's phone calls and the August 3 appointment. Molina immediately returned to South Bend but did not arrive at Gentner Packing until after it had closed for the weekend. At 8:00 A.M. on Monday, August 7, Molina went to Gentner Packing to inform the appropriate official of his reason for failing to honor the August 3 appointment. Despite Molina's excuse, the company informed him it had terminated his employment because he failed to keep the appointment. Further, he was informed his Workman's Compensation benefits had been terminated effective Tuesday, August 1. Molina unsuccessfully sought to regain his job by securing a release to return to work from Dr. Feferman.

On August 7, Molina filed an application for unemployment insurance benefits under the Indiana Employment Security Act. Nearly one year later on August 3, 1979 a deputy referee issued a finding that Molina had not been discharged from his job for just cause. Gentner Packing appealed and the Appeals Referee, Malcolm J. Tuesley, reversed the deputy's decision concluding that Molina "was discharged for just charge within the meaning and intent of [IC 22–4–15–1 as] his actions evidenc[ed] a breach of duty [his failure to appear for the doctor's examination] reasonably owed an employer

by an employee." Subsequently, Molina appealed to the Review Board which affirmed Tuesley's decision. From the Review Board's affirmance Molina has properly perfected this appeal raising the previously stated issues.

### DECISION AND DISCUSSION

■ *Erwin v. Review Board of the Indiana Employment Security Division*, (1977) 173 Ind.App. 592, 364 N.E.2d 1189 states our standard of review on unemployment compensation as follows:

"[t]he Review Board's decision as to all questions of fact is conclusive and binding on this Court. . . . In reviewing the evidence to support the Review Board's determination we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board's decision. . . . On appeal, we may only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record." (Citations omitted.)

173 Ind.App. at 597–98, 364 N.E.2d at 1192. The Review Board's decision must be affirmed unless reasonable men would be bound to reach a contrary decision. *Gardner v. Review Board*, (1974) 162 Ind.App. 125, 318 N.E.2d 361.

■ IC 22–4–15–1 provides that an employee discharged from his job for just cause is ineligible to receive benefits. "Discharge for just cause" is defined as including termination "for any breach of duty in connection with work which is reasonably owed to an employer by an employee." *Id.* However, Gentner Packing, as Molina's employer, possessed the burden of proving that his failure to keep the August 3 appointment constituted misconduct justifying his discharge. *Industrial Laundry v. Review Board*, (1970) 174 Ind.App. 40, 258 N.E.2d 160. We recently defined misconduct as a "wilful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, . . . ." *Wakshlag v. Review Board of Indiana Employment Security Division*, (1980) Ind.App., 413 N.E.2d 1078, 1082. Examples of wilful or wanton disregard constituting misconduct adequate to justify discharging an employee includes an employee's failure to verify his excuse for being absent from work as required by his employer, *Williams v. Review Board of Indiana Employment Security Division*, (1977) Ind.App., 366 N.E.2d 712, or an employee's refusal to obey his supervisor's instructions, *Graham v. Review Board of Indiana Employment Security Division*, (1979) Ind.App., 386 N.E.2d 699.

■ Applying the above standard it is evident that the evidence supports only one conclusion: Molina's failure to appear was not a wilful or wanton disregard of Gentner Packing's rules or instructions. We are not suggesting Gentner Packing's insistence that Molina be examined by a doctor was an unreasonable rule or instruction. However, under the circumstances of this case we believe a showing of a wilful or wanton disregard of the company's directions required Gentner Packing to establish Molina, with deliberation, avoided or refused to appear for the appointment. Gentner Packing failed to make this showing. Uncontradicted evidence reveals that Molina did not learn of the August 3 appointment until August 4 at which time he returned immediately to South Bend to explain his reason for missing the appointment. Further, because the plant had closed for the weekend, Molina waited until Monday, August 7 to inform his superiors. However, Gentner Packing apparently disregarded these mitigating circumstances even though, at the time he went to Chicago, Molina had not been medically released to return to work and was seeking medical relief for his painful back injury. Consequently, we conclude that the evidence leads only to the conclusion that Molina's conduct was not unreasonable under the circumstances and certainly was not a deliberate, wilful or wanton disregard of his employer's instructions.

Because of our resolution of the first issue we need not consider the second. We reverse the Review Board's decision and

remand for further action consistent with our opinion.

Reversed and remanded.

YOUNG, P. J., and CHIPMAN, J., concur.