**Thomas L. BRAUN, Claimant-Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION,**
and

**Munson Transportation, Employers-Appellees.**

**No. 2–583A153.**

Court of Appeals of Indiana, First District.

Aug. 31, 1983.

Lesley M. Guyton, Legal Services Program of Northern Ind., Inc., Lafayette, for claimant-appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The appellant-claimant, Thomas L. Braun (Braun), appeals from an adverse decision of the Review Board of the Indiana Employment Security Division (IESD) denying him unemployment compensation benefits. We reverse and remand.

## FACTS

Braun, a resident of Akron, Indiana, was employed as a truck driver by Munson Transportation (Employer) of Monmouth, Illinois, from July 6, 1982, to August 12, 1982. On the latter date Braun quit his job.

Subsequently, Braun applied for unemployment benefits. His initial application was denied and Braun requested a hearing before a referee of the IESD. Braun's request was granted and the referee, because of the distance between Braun's place of residence and that of his employer, ordered a split hearing. The referee notified Braun that his portion of the split hearing would be held on September 28, 1982, in Logansport, Indiana. No mention was made of the Employer's hearing. However, at Braun's hearing the referee explained that the Employer's hearing would be held at an unspecified future date at an unspecified location in Illinois.

Braun received no notification of the Employer's hearing. However, on November 3, Braun called the IESD regarding the Employer's hearing and was informed it would take place that day in Galesburg, Illinois. Because of the late notification, Braun did not attend the hearing.

Following the Employer's hearing the referee determined Braun had left his job

without good cause and denied him benefits. The Review Board affirmed the referee's decision.

## ISSUE

Braun has raised several issues in his brief. However, we state only that issue upon which we premise our reversal of the Review Board's decision.

Was Braun denied due process by the lack of notice of the Employer's hearing?

## DISCUSSION AND DECISION

The referee's failure to notify Braun of the Employer's hearing constituted a denial of due process.

Braun does not dispute the fact that he received adequate notice of his own hearing in Logansport. Rather, Braun asserts he never received proper notification of his Employer's hearing in Illinois, and thus, was unable to attend and participate in the proceedings. This contention is supported by the record which fails to reveal any notice was ever given to Braun. We are thus constrained to agree with Braun that his due process rights were indeed violated.

We have held in this context that "[g]enerally, due process means the requirement of notice, an opportunity to be heard, and an opportunity to confront adverse witnesses." *Wakshlag v. Review Board of the Indiana Employment Security Division,* (1980) Ind.App., 413 N.E.2d 1078, 1083. It does not, however, require the state to establish an "ideal system for the administration of justice which is impervious to malfunctions." *Osborn v. Review Board of the Indiana Employment Security Division,* (1978) 178 Ind.App., 22, 30, 381 N.E.2d 495, 500; *Trigg v. Review Board of the Indiana Employment Security Division,* (1983) Ind. App., 445 N.E.2d 1010, 1014.

Within this broad framework of due process concerns we are guided by our statutory and regulatory scheme governing administrative hearings. In pertinent part, Indiana Code section 22–4–17–6 provides:

"Provided, That with respect to any hearing before a referee held pursuant to section 1803 [22–4–17–3] hereof, each party to such hearing shall be mailed a notice of such hearing at least five [5] days before the date of the hearing, specifying the place and time of the hearing, and identifying the issues to be decided."

With regard to continued or split hearings, such as occurred in the instant case, 640 Indiana Administrative Code section 1–11–3 states:

"Hearings Before a Referee. All hearings held before a referee shall be held at the local office or itinerant office serving the claimant's last employer unless otherwise directed by the Director. Where the claimant's residence is at a considerable distance from the place of last employment, the claimant shall be given a fair opportunity to present his evidence at a continued hearing to be held at or near the local or intinerant office nearest his place of residence. Due notice of such continued hearing shall be given to the interested parties."

Thus, pursuant to IC § 22–4–17–6, *each* party to *any* hearing before a referee must be given notice of the hearing. Moreover, due notice of a continued or split hearing "shall be given to the interested parties." 640 IAC § 1–11–3. Notwithstanding these provisions, Braun, an interested party in the Employer's hearing, was never given notice of the hearing. The fact that Braun's portion of the split hearing had previously been conducted is of no consequence. The statutory and regulatory provisions make no distinction between the notice requirement for a single hearing attended by both parties and the split hearing procedure utilized in the instant case. Thus, while we have held due process is not necessarily deprived where notice is sent, but never received by a party, *Osborn,* 178 Ind.App. at 30, 381 N.E.2d at 500, such was not the case herein. To the contrary, the record before us is void of any affirmative indication that Braun ever received notice of the Employer's hearing in Illinois. Although the state submits that in all probability Braun did receive notice, we may not indulge in such probabilities when the issue before us concerns due

process. Due process required that Braun receive notice of the hearing. *Wakshlag,* 413 N.E.2d at 1083. He did not. Consequently, we cannot but conclude Braun was denied due process by the referee's failure to provide him notice of the Employer's hearing.

We therefore reverse the Review Board's determination and remand this cause for a hearing conducted in accordance with this opinion.

Reversed and remanded.

ROBERTSON, P.J., and NEAL, J., concur.