CITIZENS GAS AND COKE
UTILITY, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Kevin C. Burnett, Appellees.

No. 2-884A256.

Court of Appeals of Indiana,
Third District.

Dec. 13, 1984.

Rehearing Denied Jan. 10, 1985.

Harry V. Huffman, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellees.

STATON, Presiding Judge.

██ Citizens Gas and Coke Utility (Utility) fired Kevin Burnett. Burnett applied for and was denied unemployment benefits. After a hearing, the appeals referee granted benefits to Burnett; the Review Board (Board) adopted the referee's findings and conclusions that Burnett was not discharged for just cause because the Utility could not show that its allegedly violated work rule had been uniformly enforced. The Utility appeals the decision as contrary to law.[1]

Affirmed.

██ A contention that the Board's decision is contrary to law presents two questions: a) whether the evidence is sufficient to sustain the findings of fact and b) whether the findings of fact are sufficient to sustain the Board's decision. *Trigg v. Rev. Bd. of Ind. Employ. Sec. Div.* (1983), Ind.App., 445 N.E.2d 1010, 1012, n. 2. In answering these two questions, we are bound by the Board's factual determinations. *Trigg, supra* at 1012. We will neither weigh the evidence nor judge the credibility of the witnesses. *Id.* We will disturb the decision only if reasonable men would reach a different result. *Id.* This Court may only consider the evidence, together with its reasonable inferences, most favorable to the Board's decision. *Id.*

██ The facts most favorable to the Board's decision are as follows: Burnett was employed with Utility from September 26, 1979 until his discharge on October 12, 1984. He was first warned on February 24, 1981 that a continuation of his absences, absences without permission, and tardiness could result in further review and further disciplinary action. Approximately one year later Burnett was suspended for three days because of his accumulated absences and tardiness. Management verbally warned Burnett on March 1, 1984 that continued absences and tardiness would warrant further review and disciplinary action. Without another warning during the next one and one-half years, Burnett was fired on October 12, 1983 for his alleged violation of Utility's work rule on absenteeism and tardiness.

---

1. Utility contends that it carried its burden of proof that Burnett was discharged for just cause pursuant to IC 1984, 22–4–15–1(e)(3) (Burns Code Supp.): "unsatisfactory attendance, if the individual cannot show good cause for absences or tardiness; ..." *Id.* The Board has wide latitude to use any applicable definition within IC 22–4–15–1 to find that a claimant was discharged for just cause. *Trigg, supra* at 1013. Accordingly, this contention is without merit. Our disposition of this case precludes all other arguments submitted by Utility.

Even though the record shows that Burnett was absent from work during the last year of his employment, it reveals that he was not absent or tardy for approximately three weeks before he was fired. Burnett testified that he had accounted for his absences through written statements from his doctors; these statements were introduced into evidence. He also testified that he always notified Utility in the event of an absence. In addition, Burnett stated that all absences were due to sicknesses or his recovery from knee surgery.

When questioned about uniform enforcement of its work rule on absenteeism and tardiness Utility stated that it was possible that other employees with attendance records worse than Burnett's record were still employed. It also admitted that another employee dismissed for excessive absenteeism and tardiness had been reinstated.

The Board made the following findings and conclusions:

"FINDINGS OF FACT: The claimant worked for this employer from September 25, 1979, until October 12, 1983, as a laborer. The claimant was discharged on October 12, 1983, for alleged violation of the employer's work rule No. 12: 'Being repeatedly absent or tardy, or failing to report absences promptly and direct to one's supervisor or person in charge of the work' will be proper cause for disciplinary action. The claimant received a copy of the employer's work rule, and had been reprimanded for an attendance problem on February 24, 1981, and February 17, 1982. In March, 1983, the claimant was verbally spoken to concerning his attendance. The employer offered partial time records and a summary of the alleged violations of that policy by the claimant. The last alleged violation listed allegedly show[s] that the claimant was tardy on September 22, 1983. The claimant was discharged on October 12, 1983. The claimant offered testimony to show that his absences were due to a medically substantiated disability. The claimant testified that he believed his tardinesses were of short duration and were due mainly to him being caught in traffic. The claimant's testimony, which was uncontradicted by the employer, showed that the employer's time records were xerox copies of only one side of the time card and that the un-xeroxed portion would more correctly showed the in and out times to verify absences or tardinesses. The claimant's objections to the employer's time records was overruled by the appeals referee, and the time records were admitted into evidence for whatever probative value they might have noting the claimant's objections. The claimant's testimony showed that on October 11, 1983, that there was a hearing involving possible damage to employer's equipment which might have been caused by the claimant. The claimant's testimony showed that he was exonerated. The employer denied that this machinery incident had anything to do with the claimant being discharged. The claimant's allegation that the Superintendent was discriminatory towards him was not substantiated by any evidence of probative value." [sic]

"CONCLUSIONS OF LAW: Discharge for just cause as used in Chapter 15, Section 1 is defined to include, but not be limited to knowing violation of a reasonable and uniformly enforced rule of an employer. The employer's attendance work rule No. 12 was not part of the collective bargaining agreement. The employer's work rules allow for attendance records older than two years to be considered when considering disciplinary actions for reasons of unsatisfactory attendance. The employer's policy states no specific number of tardinesses or absences after which the claimant must be terminated. The claimant was last counselled concerning his absenteeism problem on March 1, 1982, and the employer offered no evidence of probative value to show that the claimant was ever given any warning or counselling that would have placed the claimant on notice that his tardiness or absences might reach a level intolerable to the employer which

**1178**

would cause his immediate dismissal. The employer's policy is vague and over broad, so much as to make the employer's policy unreasonable and unintelligible to the claimant.

Even if the employer's policy was found to be reasonable, the evidence offered by the employer was of minimal probative value in that the employer's xerox time records are incomplete. The time records were admitted, however, their probative value was minimal since the omitted portions would have shown the in and out time of the claimant and might have verified the claimant's alleged pattern of absenteeism and tardiness. The claimant's absences appeared to have been medical in nature, and the record does not show that the claimant would have been discharged solely based on an alleged tardiness problem. The employer offered no evidence of probative value to substantiate allegations that the claimant had been absent without permission on any occasion. Further, the employer's work rule that allowed attendance records older than two years to be used in determining discipline creates not only reasonableness problems for the employer, but also problems for the employer to show that its policy was uniformly enforced. The employer's own testimony showed that other employees outside the claimant's department had been retained, although their attendance records were less satisfactory than the claimant's. The employer's work rules do not differentiate between members of different departments, and it would appear that the employer's work rules must be uniformly enforced in each of the departments and by the employer's own testimony, this was not true. The employer has failed to carry its burden of proof.

For the above stated reasons, the appeals referee concludes that the claimant was not discharged for just cause within the meaning of Chapter 15, Section 1 of the Indiana Employment Security Act.

DECISION: The initial determination of the deputy is reversed. The claimant,

unless otherwise disqualified, is entitled to his benefits."

Burnett allegedly violated Utility's work rule on absenteeism and tardiness. The evidence supports the Board's finding that Utility did not carry its burden of proof that it uniformly enforced its work rule. Therefore, it was proper for the Board to conclude that Burnett was not discharged for just cause and was thereby entitled to unemployment benefits.

Affirmed.

GARRARD and HOFFMAN, J., concur.